MARC S. HINES (SBN 140065)
mhines@hineshamptonllp.com
NICOLE M. HAMPTON (SBN 189024)
HINES HAMPTON, LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 242-9529

Attorneys for Defendants,
NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as
Nationwide Insurance Company, AMCO INSURANCE COMPANY, and
ALLIED PROPERTY &
CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance
Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA COUTURE CORPORATION | CASE NO.: |
| Plaintiff, | [Lower Court Case No.: BC577887 Superior Court for the County of Los Angeles] |
| vs. | |
| NATIONWIDE INSURANCE COMPANY, ALLIED INSURANCE COMPANY, AMCO INSURANCE COMPANY and Does 1 through 50, Inclusive, | **DEFENDANTS' NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |
| Defendants. | **[28 U.S.C. § 1441(b)] [DIVERSITY]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as Nationwide Insurance Company ("Nationwide"), AMCO INSURANCE COMPANY ("AMCO"), and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance Company ("Allied") (collectively, the "Defendants") hereby notice the removal of this action to the above-captioned United States District

Court pursuant to 28 U.S.C. §§1332, 1441 and 1446, and in support thereof, Defendants, by and through their undersigned attorneys of record, state as follows:

1.     On April 6, 2015, Plaintiff USA COUTURE CORPORATION ("Plaintiff") commenced a civil action in the Superior Court of the State of California, County of Los Angeles, entitled _USA Couture Corporation v. Nationwide Insurance Company, et al._, Case Number BC577887 (the "State Court action"). A true and correct copy of the Summons and Complaint served on Defendants is attached hereto as **Exhibit A**.

2.     On August 17, 2015, Defendant Nationwide was served with a copy of the Summons and Complaint by personal service, through its statutory agent for service, Corporation Service Company, and, on that same date, Nationwide's agent forwarded to Nationwide a copy of the Summons and Complaint, a Notice of Case Assignment and Instructions for Handling Unlimited Civil Cases, a document regarding Voluntary Efficient Litigation Stipulations, a Discovery Resolution Stipulation, an Early Organizational Meeting Stipulation, an Informal Discovery Conference form, a Stipulation and Order for Motions in Limine, and a Notice of Case Management Conference. A true and correct copy of the agent's transmittal form is attached hereto as **Exhibit B**.

3.     The documents described in paragraph two above comprise all of the documents Defendants have received and were served with in the State Court action.

4.     Defendants filed an Answer to the Complaint in the State Court action on September 3, 2015. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit C**.

5.     This Notice of Removal is brought pursuant to 28 U.S.C. §§ 1441 and 1446. This Notice of Removal is being filed on Defendants' behalf, and Defendants are the only named defendants other than "DOES 1-50". Therefore, no

NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

joinder of other persons in this Notice of Removal is required.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

6.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that Defendants may remove to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.  In the Complaint, Plaintiff alleged causes of action against Defendants for Breach of Insurance Contract and Breach of the Duty of Good Faith and Fair Dealing.  See, **Exhibit A,** Complaint.  Plaintiff's Complaint alleges that Plaintiff was the owner of a retail clothing business operated under the name "Divine", which was located in Sherman Oaks, California, and, prior to and on June 9, 2014, Plaintiff was insured under a Premier Businessowners Property Coverage policy issued by Defendants, insuring Plaintiff's business and business personal property and including loss of income and business interruption benefits. Id. at ¶¶ 2 and 6. Plaintiff alleges that on June 9, 2014, it sustained a water loss at the clothing store, Divine, damaging or destroying Plaintiff's business personal property and causing a loss of business income and disruption of the business, which Plaintiff alleges was a compensable loss under the policy. Id. at ¶ 8. Plaintiff alleges that, at the time of the loss, the policy contained business personal property coverage in the amount of $125,000, plus additional loss of business income and business interruption benefits in the actual amount incurred for a period of 12 months. Id., at ¶ 9. Plaintiff alleges that on June 19, 2014, its landlord served on it notice to restore the premises to pre-loss condition and resume or reopen for business as required by the lease. Id. at ¶14. Plaintiff alleges that Defendants refused and denied to make payments of any insurance benefits and denied that Plaintiff sustained a compensable loss and, as a result, Plaintiff's lease was terminated and Plaintiff's business was closed. Id. at ¶¶ 15-19. Plaintiff alleges that as a result of

NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

Defendants' denial of insurance benefits, Plaintiff was unable to remove damaged stock and inventory from the premises, was unable to replace damaged inventory so as to restock the store, and it caused Plaintiff to go out of business. Id. at 21. Plaintiff alleges that as a result of Defendants' breach of the insurance contract, Plaintiff has been deprived of benefits due it for loss, damage and destruction of business personal property in excess of $96,000. Id. at ¶¶ 23 and 40. Plaintiff has not yet calculated its alleged loss of business income. Id. at ¶¶ 24 and 41. Plaintiff additionally seeks damages for the loss of its lease, forced closure of business and, under its tort claim for bad faith, attorney's fees, costs of litigation and punitive damages. Id. at ¶¶ 42, 46 and 47.

8.     Based on the above-referenced allegations in the Complaint, Plaintiff has alleged that the amount in controversy exceeds $96,000, exclusive of Plaintiff's claims for loss of business income and business interruption benefits, damages due to the loss of its lease, and other compensatory, consequential, and punitive damages, attorney's fees, interest and costs. Accordingly, the face of the Complaint reveals that the amount in controversy exceeds $75,000 and exceeds the amount in controversy necessary for diversity jurisdiction purposes.

9.     Complete diversity of citizenship existed at the time the State Court action was filed and served and currently exists. Plaintiff alleges that it was and is a corporation formed and operating under the laws of the State of California, having its principal place of business in Los Angeles County, California and operating its store in Sherman Oaks, California. Id. at ¶¶ 1 and 2. As for Defendants, Plaintiff alleges only that they engaged in the business of insurance in the State of California. Id. at ¶ 3.

10.     For diversity of citizenship purposes, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 USC § 1332(c)(1). As stated in paragraph 8

hereinabove, Plaintiff has alleged both that it was incorporated and has its principal place of business in the State of California.

11.     Further, AMCO is an Iowa insurance company, organized and existing under the laws of the State of Iowa. AMCO's corporate headquarters and principal office is located at 1100 Locust Street, Des Moines, Iowa. AMCO has directors located in Ohio and one director located in Iowa.  AMCO's  officers direct, control and coordinate the corporation's activities from Ohio and Iowa. This was true when Plaintiff filed and served the State Court action and is true now. See Declaration of Robert Horner, III in Support of Defendants' Removal, on behalf of AMCO, ¶¶ 2-4, attached hereto as **Exhibit D**.

12.     Allied is an Iowa insurance company, organized and existing under the laws of the State of Iowa. Allied's corporate headquarters and principal office is located at 1100 Locust Street, Des Moines, Iowa. Allied has directors located in Ohio and one director located in Iowa.  Allied's officers direct, control and coordinate the corporation's activities from Ohio and Iowa. This was true when Plaintiff filed and served the State Court action and is true now. See Declaration of Robert Horner, III in Support of Defendants' Removal, on behalf of Allied, ¶¶ 2-4, attached hereto as **Exhibit E**.

13.     Nationwide is an Ohio mutual insurance company, organized and existing under the laws of the State of Ohio. Nationwide's corporate headquarters and principal office is located in Columbus, Ohio. Nationwide's directors are located in the State of Ohio. Nationwide's officers direct, control and coordinate the corporation's activities from Ohio. This was true when Plaintiff filed and served the State Court action and is true now. See Declaration of Kathy Richards in Support of Defendants' Removal, ¶¶ 2-4, attached hereto as **Exhibit F.**

14.     Accordingly, pursuant to the allegations of the Complaint in the State Court action and the attached Declarations of Robert Horner, III, Parag H. Shah and Kathy Richards, Defendants are informed and believe complete diversity of

NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

citizenship presently exists, and existed at the time Plaintiff filed and served the State Court action, as Plaintiff is a citizen of California and Defendants are citizens of Iowa and Ohio.

15.     Plaintiffs named and sued fictitious DOES as defendants. The Court must disregard the citizenship of these fictitiously named defendants as a matter of law for purposes of removal on grounds of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a), the latter of which provides "citizenship of defendants sued under fictitious names should be disregarded."  See also Bryant v. Ford Motor Co., 886 F.2d 1526, 1528 (9th Cir. 1989).

16.     A true and correct copy of this Notice of Removal is being filed on this date with the Clerk of the Superior Court of the State of California, County of Los Angeles and served on Plaintiff's counsel.

Based upon the forgoing, Defendants remove the above action now pending in the Superior Court of the State of California, County of Los Angeles, Case No. BC577887, to the United States District Court for the Central District of California.


Dated:  September 11, 2015                    HINES HAMPTON, LLP


                                              /s/ *Marc S. Hines*
                                              Marc S. Hines
                                              Attorneys for Defendants
                                              NATIONWIDE MUTUAL
                                              INSURANCE COMPANY, AMCO
                                              INSURANCE COMPANY, AND
                                              ALLIED PROPERTY &
                                              CASUALTY INSURANCE
                                              COMPANY

NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that DEFENDANTS NATIONWIDE MUTUAL INSURANCE COMPANY, AMCO INSURANCE COMPANY, and ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, hereby demand trial by jury on all issues so triable.

Dated:  September 11, 2015                    HINES HAMPTON, LLP


                                             /s/ *Marc S. Hines*
                                             Marc S. Hines
                                             Attorneys for Defendants
                                             NATIONWIDE MUTUAL
                                             INSURANCE COMPANY, AMCO
                                             INSURANCE COMPANY, AND
                                             ALLIED PROPERTY &
                                             CASUALTY INSURANCE
                                             COMPANY

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

NATIONWIDE INSURANCE COMPANY, ALLIED INSURANCE COMPANY, AMCO INSURANCE COMPANY and Does 1 through 50, Inclusive

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**APR 06 2015**

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

USA COUTURE CORPORATION

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es:)
SUPERIOR COURT OF CALIF., COUNTY OF L.A.
CENTRAL DISTRICT
111 North Hill Street
Los Angeles, CA  90012

**CASE NUMBER:**
(Número del Caso):
**BC 577887**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
JEFF A. LESSER, ESQ.              (818)907-7445        Bar #64326
Attorney at Law
16133 Ventura Blvd., Suite 1175       MYRNA BELTRAN
Encino, CA  91436

DATE:                                          Clerk, by _____, Deputy
(Fecha)        SHERRI R. CARTER        (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]   APR 06 2015

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Nationwide Insurance Company

   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date): 8/17/15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  JEFF A. LESSER, ESQ.
   16133 VENTURA BOULEVARD
2  SUITE 1175
   ENCINO, CALIFORNIA 91436-2415
3  TELEPHONE: (818) 907-7445
   BAR #64326
4

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 06 2015

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

5  Attorney for Plaintiff, USA Couture Corporation

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   FOR THE COUNTY OF LOS ANGELES

9  USA COUTURE CORPORATION,            CASE NO:    BC 5 7 7 8 8 7

10                          Plaintiff,   COMPLAINT FOR DAMAGES
                                         FOR BREACH OF INSURANCE
11       vs.                             CONTRACT; BREACH OF THE
                                         DUTY OF GOOD FAITH AND
12  NATIONWIDE INSURANCE                 FAIR DEALING
    COMPANY, ALLIED INSURANCE
13  COMPANY, AMCO INSURANCE             Jury Trial Requested
    COMPANY and Does 1 through 50,
14  Inclusive,

15
                          Defendants.
16

17                                  I

18                    FIRST CAUSE OF ACTION

19          (For Breach of Insurance Contract against Defendants,

20          Nationwide Insurance Company, Allied Insurance Company,

21          Amco Insurance Company and Does 1 through 30, Inclusive)

22       COMES NOW plaintiff, USA Couture Corporation, individually, and for a First Cause of

23  Action against defendants, Nationwide Insurance Company, Allied Insurance Company, Amco

24  Insurance Company and Does 1 through 30, Inclusive, for Breach of Contract, alleges:

25       1.  At all times herein plaintiff, USA Couture Corporation (hereinafter referred to as "USA

26  Couture" or "Plaintiff", was and still is a corporation formed and operating under the laws of the

27  State of California, having its principal place of business located in the County of Los Angeles,

28  California.

                                        1

1    2. At all times herein mentioned, plaintiff, USA Couture Corporation, was the owner of a
2  retail clothing business operated under the name "Divine", which was located in the Sherman Oaks
3  Fashion Square Shopping Center located at 14006 Riverside Drive, Sherman Oaks, California
4  91423.

5    3. At all times herein mentioned defendants, Nationwide Insurance Company, Allied
6  Insurance Company, Amco Insurance Company, and Does 1 through 30, were companies, the exact
7  form of which is presently unknown to plaintiff, which when said form is ascertained, said
8  Complaint will be amended to reflect the correct form of said companies, which companies were
9  engaged in the business of underwriting and offering for sale to the general public, including business
10  and business owners, insurance.  Plaintiff is informed and believes and thereon alleges that at all
11  times herein mentioned defendants, Nationwide Insurance Company, Allied Insurance Company,
12  Amco Insurance Company, and Does 1 through 30, were authorized to and did engage in the
13  business of insurance in the State of California, and sold in the County of Los Angeles insurance
14  policies pursuant to which performance and payment of benefits would be required in the County
15  of Los Angeles, State of California.

16    4. That the true names and capacities, whether individual, corporate, associate or otherwise,
17  of defendants Does 1 through 30, Inclusive, are unknown to plaintiff at this time who, therefore, sues
18  said defendants by such fictitious names, and when the true names and capacities of said defendants
19  are ascertained, plaintiff will amend this Complaint accordingly; plaintiff is informed and believes,
20  and therefore alleges, that each of the defendants designated herein as a Doe is responsible in some
21  manner for the events and happenings herein referred to and caused damages thereby to plaintiff as
22  herein alleged.

23    5. That at all times herein mentioned, defendants, and each of them, were the agents and
24  employees of each of the remaining defendants, and were at all times acting within the purpose and
25  scope of said agency and employment and each defendant has ratified and approved the acts of his
26  agent.

27    6. That prior to, and on the date of June 9, 2014, plaintiff, USA Couture, was insured
28  pursuant to a binder for our insurance policy agreed to be issued to plaintiff by defendants,

1 | Nationwide Insurance Company, Allied Insurance Company, Amco Insurance Company, and
2 | Does 1 through 30, which policy is identified as a Premiere Business Owners Property Coverage
3 | policy identified by Policy Number: ACP BPA 7811241788, which policy provided coverage to
4 | plaintiffs business and the business personal property contained within plaintiffs business, together
5 | with loss of income and business interruption benefits, in the event of a loss covered under the
6 | policy. Included within the risks of loss insured by the policy issued by defendants and each of them
7 | to plaintiff, and in full force and effect on June 9, 2014 was coverage for loss due to water damage.
8 | A true and correct copy of the Binder for Insurance as between plaintiff, USA Couture, and
9 | defendants and each of them, is attached hereto, designated as Exhibit "A", and incorporated herein.
10 | Said Contract of Insurance was entered into by plaintiff, USA Couture, and defendants and each of
11 | them, within the jurisdiction of the above-entitled Court and required the payment of benefits within
12 | the jurisdiction of the above-entitled Court pursuant to the terms of said policy.

13 |     7.  Prior to and as of June 9, 2014, plaintiff had paid all premiums due pursuant to the Binder
14 | and Contract of Insurance to defendants and each of them at all times herein relevant, and plaintiff
15 | had performed all obligations under said Contract of Insurance on his part to be performed, except
16 | those obligations, the performance of which has been made impossible by the acts and omissions of
17 | defendants and each of them.

18 |     8.  On or about June 9, 2014, plaintiff sustained a loss compensable under the terms of the
19 | policy of insurance, in that the business location and business personal property of plaintiff contained
20 | within the business premises of the business owned and operated by plaintiff, under the name
21 | "Divine", located at the Sherman Oaks Fashion Square Shopping Center at 14006 Riverside Drive,
22 | Sherman Oaks, California 91423, insured by defendants and each of them, sustained a water loss
23 | wherein said property was damaged.  As a direct and proximate result of the occurrence of said
24 | water loss, the business personal property owned by plaintiff, and as used in the business, Divine,
25 | was damaged and destroyed.   In addition, plaintiffs business, Divine, was unable to operate, and
26 | as a direct and proximate result, plaintiff and its business, Divine, suffered a loss of business income
27 | and its business was otherwise disrupted and interrupted.

28 | ///

3

9. At the time of the occurrence of the loss on June 9, 2014, the insurance contract in effect as between plaintiff and defendants and each of them contained coverage for loss, damage or destruction to business personal property of plaintiff's business, Divine, in the amount of $125,000.00. In addition, pursuant to the insured's contract, plaintiff, USA Couture, had insurance loss benefits and coverage for losses occurring as a result of loss of income and business interruption, in the actual amount incurred for a period of twelve months.

10. Pursuant to the terms of said contract of insurance between plaintiff and defendants and each of them, plaintiff provided timely notice of loss to defendants and each of them on or after June 9, 2014.

11. That at the time of loss, and pursuant to the written Contract of Insurance between plaintiff and defendants in effect on the date of loss, plaintiff was entitled to insurance loss benefits for damages to the business personal property of its business, Divine, for loss of income and business interruption, which amounts were due from and after the date of loss. Pursuant to the written contract of insurance, defendants were obligated to investigate, adjust and resolve and to do so in a timely manner, the extent of the fire damage to plaintiff's business personal property and, thereafter, pay insurance loss benefits proceeds due and owing to plaintiff.

12. Thereafter, despite the obvious occurrence of loss, the calculation, identification and presentation of the amount of loss suffered by plaintiff as a result of the water loss occurring on June 9, 2014, and despite the confirmation by defendants of the extent of the amount of loss after June 9, 2014, defendants and each of them failed and refused to promptly investigate the loss, failed and refused to engage in acts, or to allow others to engage in acts, to mitigate the amount of loss and, thereafter, failed and refused to engage in a thorough and prompt investigation and, having failed to do so, thereafter, failed and refused to make any payment of policy benefits to plaintiff for damages and losses to the business personal property of the business of plaintiff, Divine, or to make any payment or even attempt to investigate, adjust and resolve a claim for loss of income, business interruption and, most specifically, investigate, adjust and resolve the immediate claims requiring payment of benefits so as to allow plaintiff to continue to fulfill its Lease duties and obligations to the owner of the Sherman Oaks Fashion Square Shopping Center, Westfield, Inc. These benefits

4

1  which defendants and each of them have failed, refused and continue to refuse to pay are all benefits
2  which were due and owing, and have been due and owing, to plaintiff.

3      13. From and after the date of loss and through and including the time of filing suit, plaintiff
4  attempted to deal with defendants, their agents, representatives and adjusters to adjust and resolve
5  his water loss claim causing damages to his business and business personal property, but defendants
6  failed, refused and continued to refuse to adjust, settle or pay to plaintiffs any insurance loss proceeds
7  due and owing as a consequence of the water loss damage to plaintiff's business personal property,
8  for the interruption of plaintiff's business, for the loss of income by plaintiff's business, or as related
9  to the ongoing duties and obligations of plaintiff to the owner of the shopping center, Westfield, Inc.,
10 which loss benefits were due to plaintiff pursuant to the terms of said written contract of insurance
11 existing between plaintiff and defendants on the date of loss.

12     14. On or about June 19, 2014 plaintiff's landlord, Westfield, Inc., served on plaintiff,
13 pursuant to the written Premises Lease in effect on the date of loss as between plaintiff and
14 Westfield, Inc., a Notice to Perform Conditions and Covenants or Relinquish Premises. The notice
15 served upon plaintiff by Westfield, Inc. demanded that the premises be restored to their pre-loss
16 condition, that the store be stocked with clothing and inventory as it had been prior to the date of
17 loss, and that it resume and be open for business as required pursuant to the Premises Lease.

18     15. Thereafter, plaintiff and plaintiff's representatives communicated to defendants and each
19 of them the service of the Notice to Perform conditions and covenants and again requested that
20 defendants and each of them make payment of benefits to allow plaintiff to restore the retail location
21 to its pre-loss condition, acquire stock and inventory to restock the store as demand and require
22 pursuant to the Lease and, in doing so, to avoid having to relinquish or have their Lease terminated
23 by Westfield, Inc.

24     16. Defendants and each of them, despite the specific request and having full knowledge of
25 the circumstances, together with the knowledge that the refusal to pay insurance loss benefit
26 proceeds available to plaintiff would make impossible the re-opening of the store as demanded by
27 the landlord, refused and continue to refuse to make payment of any benefits.

28 ///

COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

17. As a consequence of the occurrence of the loss and the failure and refusal, and continuing refusal of defendants and each of them to pay any insurance loss benefits to the insured, Westfield, Inc., terminated plaintiff's Lease, thereby forcing the closure and termination of plaintiff's business.

18. Thereafter, on or about July 22, 2014, defendants and each of them, in writing and purportedly in performance of their contractual obligations pursuant to the Insurance Contract in effect on the date of loss between plaintiff and defendants and each of them, and presumably after a thorough investigation, claimed that as a consequence of the water loss that occurred at the business premises on June 9, 2014, neither plaintiff nor plaintiff's business had sustained any loss to business personal property that was compensable or subject to the payment of insurance loss benefits by defendants and each of them to plaintiff. As set out in the July 22nd letter of defendants and each of them, the claims for insurance loss proceeds for which benefits under the subject insurance contract existed and to which plaintiff was entitled to as a result of the loss, were denied in full and defendants and each of them refused to pay any loss benefits.

19. Thereafter, on or about August 14, 2014, and again on August 28, 2014, defendants and each of them restated the denial originally set out in writing on July 22, 2014, stated that it would engage in no further investigation, adjustment or attempts at resolution of the claim, and from and after that date has failed, refused and continues to refuse to make payment of any benefits due plaintiff pursuant to the subject insurance policy in effect on the date of loss.

20. Plaintiff, at all times herein relevant, had performed all duties and obligations required of him pursuant to the contract of insurance, except the performance of those which were made impossible or impracticable by the acts or omissions to act by defendants and each of them and, therefore, plaintiff is entitled to payment of benefits pursuant to the contract of insurance as stated therein.

21. Defendants and each of them have breached their obligations pursuant to the written contract of insurance between plaintiff and defendants and each of them in that defendants failed and refused to investigate, adjust and resolve plaintiff's claim and to do so in a thorough and timely manner; failed to pay benefits due plaintiff pursuant to the terms of the written contract upon presentation of claim and plaintiff establishing its entitlement to the payment of benefits pursuant

6

1  to the terms of the policy in effect as between plaintiff and defendants; acted in ways to frustrate,
2  delay and deny payment of benefits to defendant and, in doing so, prevented and precluded
3  plaintiff's removal of the damaged stock and inventory from the business premises, prevented and
4  precluded plaintiff's replacement of the damaged inventory so as to be able to re-stock the retail store
5  operated by plaintiff; failed to provide the payment of any loss of benefits to plaintiff despite
6  defendant being fully informed and having knowledge of the demand formally served on plaintiff
7  by plaintiff's landlord, Westfield, that it perform covenants imposed by the Premises Lease,
8  specifically being open for business and having the store fully stocked and presentable as a retail
9  location; continuing to refuse to advance any benefits for the replacement of inventory so as to allow
10 for the store to re-open; allowing Westfield to terminate the Premises Lease for plaintiff's business;
11 compelling plaintiff to consent to the termination of the Lease, and as a direct consequence, causing
12 plaintiff's business; because of the failure, refusal and continuing refusal to pay insurance loss
13 benefits under the policy and due to plaintiff, to have plaintiff's business fail and go out of business.

14      22. Plaintiff believes that defendants and each of them have breached their contract with
15 plaintiff in other ways, the exact nature and extent of which is not currently known to plaintiff
16 who, therefore, reserves the right to amend this Complaint when the nature and extent of the
17 breaches of contract engaged in by defendants are known.

18      23. As a direct and proximate result of the Breach of Contract by defendants and each of
19 them as alleged herein, plaintiff has been deprived of the benefits due him under the contract which
20 benefits due for loss, damage and destruction of business personal property are in excess of
21 $96,000.00. Plaintiff has also suffered the loss of use and benefit of the insurance loss proceeds that
22 were due and payable to him, but withheld and refused to be paid by defendants and each of them,
23 the amount of which, as of the time of the filing of this Complaint has not been determined, and,
24 therefore, plaintiff reserves the right to amend this Complaint.

25      24. As a further direct and proximate result of the failure, refusal and continuing refusal to
26 pay insurance loss benefit proceeds by defendant to plaintiff, plaintiff was unable to restock the store
27 and to comply with conditions of the Premises Lease as demanded by the landlord, unable to
28 comply with a formal demand for performance of Lease requirements that the store be restocked and

1  reopened, was forced to give up and lose its Premises Lease, and to close its business due to the lack

2  of insurance loss benefit proceeds that it was due, that had been claimed, but that defendant had

3  refused and continues to refuse to make payment of. The full extent of the damages for the loss of

4  plaintiff's business, as of the date of this Complaint, has not been calculated, ascertained or

5  determined and, therefore, plaintiff reserves the right to amend this Complaint.

6      25. Plaintiff has otherwise suffered and will continue to suffer and incur additional financial

7  losses and damages, the full extent of which is not currently known to plaintiff who, therefore,

8  reserves the right to amend this Complaint when the same have been fully ascertained.

9                                    II

10                    SECOND CAUSE OF ACTION

11  **(For Bad Faith against defendants, Nationwide Insurance Company, Allied Insurance**

12          **Company, Amco Insurance Company and Does 1 through 50, Inclusive)**

13      COMES NOW plaintiff and for a Cause of Action against defendants, Nationwide Insurance

14  Company, Allied Insurance Company and Amco Insurance Company, and Does 1 through 50,

15  Inclusive, for Breach of the Duty of Good Faith and Fair Dealing and alleges:

16      26. Plaintiff hereby incorporates Paragraphs 1 through 16 of the First Cause of Action with

17  the same force and effect as if said paragraphs had been set out herein at length.

18      27. Prior to and on June 9, 2014, defendants and each of them had issued an insurance

19  policy to plaintiff, which policy was in effect on the date of loss, June 9, 2014. A true and correct

20  copy of said policy is attached hereto, designated as Exhibit "A" and incorporated by reference

21  herein. On the date of loss herein, June 9, 2014, said policy was in full force and effect.

22      28. As hereinabove alleged, plaintiffs have performed all obligations and paid all premiums

23  due, except for those obligations and payments made impossible by the acts or omissions of

24  defendants and each of them.

25      29. As hereinabove alleged, on or about June 9, 2014, plaintiff sustained a water loss to the

26  insured property, which water loss caused plaintiff to sustain the loss, damage and destruction to

27  business personal property of his business, Divine, the amount of which loss was in excess of

28  $96,000.00 and which amount of loss was compensable under the policy in effect herein.

8

30.  As hereinabove alleged, thereafter, plaintiff presented a Notice of Claim of Loss to defendants for the losses and damages sustained which were compensable under the policy.

31.  As hereinabove alleged, defendants and each of them, despite their obligation to thoroughly and timely investigate, adjust and resolve plaintiff's claim, otherwise acted to frustrate, delay and deny any investigation or resolution or payment of benefits to plaintiff.

32.  Defendants and each of them, despite having the obligation to do so, failed, refused and continue to refuse to remove the damaged business personal property from the lease location of plaintiff's business, allowing the water damaged clothing to remain in place and be subject to the conditions determined to exist in the premises as a result of the water damage.

33.  Thereafter, defendants and each of them, after finally agreeing to remove the damaged business personal property inventory for the premises, refused to acknowledge any loss, to claim that there was no physical loss to the property, and that as a consequence there were no benefits due or payable under the policy to plaintiff.

34.  Thereafter, plaintiff was served formal notice to perform conditions or covenants under the Lease and to do so within 20 days, specifically to restock the store and open it for retail business, the failure to comply with would result in the termination of the Lease by the landlord, Westfield

35.  Despite defendants and each of them having full knowledge of the service of a Notice to Perform by plaintiff's landlord, Westfield, defendants continued to fail, refuse and to continue to refuse to make payment of any benefits to allow for the replacement of any stock and inventory, to allow plaintiff to comply with the landlord's demands, and as a consequence, Westfield terminated the Lease, plaintiff's business lost its right to possession of the premises, and the business of plaintiff was forced to close.

36.  Despite the closing of plaintiff's business and its failure due to defendant's and each of them refusing to pay benefits under the policy, defendants and each of them continued, and have continued through this date, to fail, refuse and continue to refuse to make payment of any benefits to plaintiff as a result of the water loss occurring on June 9, 2014.

37.  Defendants and each of them have breached their obligations pursuant to the Duty of Good Faith and Fair Dealing between plaintiff and defendants and each of them in that defendants

9

1  failed and refused to investigate, adjust and resolve plaintiff's claim and to do so in a thorough and

2  timely manner; failed to pay benefits due plaintiff pursuant to the terms of the written contract upon

3  presentation of claim and plaintiff establishing its entitlement to the payment of benefits  pursuant

4  to the terms of the policy in effect as between plaintiff and defendants; acted in ways to frustrate,

5  delay and deny payment of benefits to defendant and, in doing so, prevented and precluded the

6  removal of the damaged stock and inventory from the business premises, prevented and precluded

7  plaintiff's replacement of the damaged inventory so as to be able to re-stock the retail store operated

8  by plaintiff, failed to provide the payment of any loss of benefits to plaintiff despite defendant being

9  fully informed and having knowledge of the demand formally served on plaintiff by plaintiff's

10  landlord, Westfield, that it perform covenants imposed by the Premises Lease, specifically being

11  open for business and having the store fully stocked and presentable as a retail location; continuing

12  to refuse to advance any benefits for the replacement of inventory so as to allow for the store to re-

13  open; allowing Westfield to terminate the Premises Lease for plaintiff's business; compelling plaintiff

14  to consent to the termination of the Lease, and as a direct consequence, causing plaintiff's business;

15  because of the failure, refusal and continuing refusal to pay insurance loss benefits under the policy

16  and due to plaintiff, to have plaintiff's business fail and go out of business.

17       38.  Defendants and each of them have further breached their duty of Good Faith and Fair

18  Dealing owed to plaintiff in the following respects:

19       a)  Failing to reasonably investigate and process plaintiff's claim for loss benefits under said

20  Contract of Insurance;

21       b)  Failing to pay proceeds to plaintiff at a time when defendants and each of them knew that

22  plaintiffs were entitled to said payments under the terms of said Contract of Insurance;

23       c)  Failing to pay and continuing to fail to pay loss proceeds pursuant to said claim at a time

24  when defendants had insufficient information within their possession to justify said failure and

25  refusal to pay;

26       d)  Not attempting in Good Faith to effectuate a prompt, fair and equitable settlement of

27  plaintiffs's claim for loss benefits when liability had become reasonably clear;

28  ///

COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

e) Asserting defenses to the payment of plaintiffs's claim when defendants knew, or in the exercise of reasonable care should had known, that the defenses raised were frivolous, all for the purpose of denying payment to plaintiff;

f) By their acts and omissions to act causing plaintiff to be without, and continue to be without the use of insurance loss proceeds due and owing to plaintiff, thereby causing plaintiff to incur and continue to incur expenses and other financial costs, all at a time when defendants knew plaintiff's claim to be payable;

g) By engaging in a course of conduct to coerce, intimidate and punish plaintiff and to otherwise cause plaintiff to suffer and sustain damages and hardships, including the incurrence of debts and obligations, by refusing to make payment of benefits due, and by engaging in a course of conduct to obstruct, delay and deny to plaintiff the benefits due him;

h) By causing plaintiff to commence litigation to enforce his rights and obtain the benefit of payments due him pursuant to the terms of said policy of insurance, and thereby incur additional expenses including attorneys fees and costs, all with the knowledge that said litigation would proceed for a substantial period of time, and at a substantial expense to plaintiff, where defendants, and each of them, knew that due to their substantial size and financial strength, they would benefit by causing plaintiff to incur expenses and experience delay, all of which acts were done by defendants and each of them with the knowledge of the defendants that plaintiff has sustained a loss compensable under the policy, and that benefits were due and payable by defendants and each of them to plaintiff;

39. Plaintiff is informed and believes and thereon alleges that defendants and each of them have breached their duty of Good Faith and Fair Dealing owed to plaintiffs by other acts or omissions of which plaintiff is presently unaware. Plaintiff will seek leave of Court to amend this Complaint at such time as plaintiff discovers the other acts and omissions of said defendants and each of them constituting such Breach.

40. As a direct and proximate result of the Breach of the Implied Covenant of Good Faith and Fair Dealing by defendants and each of them as alleged herein, plaintiff has been deprived of

///

1  the benefits due him under the policy of insurance, which benefits for damage, loss and destruction
2  to business personal property are in excess of $96,000.00.

3      41. As a direct and proximate result of the Breach of the Implied Covenant of Good Faith
4  and Fair Dealing by defendants and each of them as alleged herein, plaintiff has been deprived of
5  the use and benefits of the proceeds due him under the policy of insurance, the full extent of which
6  has not been calculated as of this date and, therefore, plaintiff reserves the right to amend this
7  Complaint.

8      42. As a direct and proximate result of the Breach of the Implied Covenant, plaintiff lost his
9  Lease for its business, Divine, and the business was forced to close. The full extent of these damages
10  have not been fully ascertained and, therefore, plaintiff reserves the right to amend this Complaint.

11      43. As a further direct and proximate result of the Breach of the Implied Covenant of Good
12  Faith and Fair Dealing by defendants and each of them as hereinabove alleged, plaintiff has suffered
13  tort damages as available to compensate for his damages, injuries and losses, the amount of which
14  has not been ascertained as of this date and, therefore, plaintiff reserves the right to amend this
15  Complaint.

16      44. Plaintiff has otherwise suffered and will continue to suffer and incur additional financial
17  losses and damages, the full extent of which is not currently known to plaintiff who, therefore,
18  reserves the right to amend this Complaint when the same have been fully ascertained.

19      45. As a further direct and proximate result of the wrongful conduct of defendants and each
20  of them, plaintiff has suffered financial and other damages, all to plaintiff's damage in an amount
21  within the jurisdiction of the Superior Court, according to proof.

22      46. As a further direct and proximate result of the wrongful conduct of defendants and each
23  of them, plaintiff has been forced to incur and will continue to incur attorneys fees, costs and
24  expenses relating to litigation necessary to obtain payment of benefits due pursuant to the policy, the
25  exact amount of which damages are not currently known to plaintiff who, therefore,
26  reserves the right to amend this Complaint when the same has been ascertained.

27      47. The conduct of defendants and each of them described herein was done with a conscious
28  disregard of plaintiff's rights, and with the intent to injure, annoy and oppress plaintiff such as to

1  constitute oppression, fraud or malice under *California Civil Code* Section 3294 entitling plaintiff to

2  punitive damages in an amount appropriate to punish or set an example of said defendants and each

3  of them.

4        WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

5  FIRST CAUSE OF ACTION

6        1.  Damages for failure to provide benefits and payment of proceeds under the subject

7  Contract of Insurance in a sum to be determined at time of Trial;

8        2.  General damages for Breach of Contract;

9        3.  For costs of suit incurred herein;

10       4.  For such other and further relief as this Court may deem just and proper.

11  SECOND CAUSE OF ACTION

12       1.  Damages for failure to provide benefits and payment of proceeds under the subject

13  Contract of Insurance, including financial damages, attorneys fees and expenses relating to

14  recovery of benefits due pursuant to the policy of insurance;

15       2.  General Tort damages for mental and emotional distress and other damages as a result

16  of the wrongful withholding of benefits in a sum within the jurisdiction of the Superior Court,

17  according to proof;

18       3.  Punitive and exemplary damages in an amount appropriate to punish or set an

19  example of defendants;

20       4.  For costs of suit incurred herein; and

21       5.  For such other and further relief as this Court deems just and proper.

22                                    **JURY TRIAL**

23       Plaintiff requests Trial by Jury.

24

25  DATED:   April 3, 2015

26

27                                    JEFF A. LESSER, ESQ.,
                                      Attorney for Plaintiff,
                                      USA Couture Corporation

28  pld1(Complaint)

                                        13

# EXHIBIT B



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
**Transmittal Number: 14138686**
**Date Processed: 08/17/2015**

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Rebecca Lewis<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Insurance Company |
| **Title of Action:** | USA Couture Corporation vs. Nationwide Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC577887 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/17/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jeff A. Lesser<br>818-907-7445 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# EXHIBIT C



1  MARC S. HINES (SBN 140065)
   mhines@hineshamptonllp.com
2  NICOLE M. HAMPTON (SBN 189024)
   nhampton@hineshamptonllp.com
3  HINES HAMPTON, LLP
   3090 Bristol Street, Suite 300
4  Costa Mesa, California 92626
   Tel.: (714) 513-1122
5  Fax: (714) 242-9529

6  Attorneys for Defendants,
   NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as
7  Nationwide Insurance Company, AMCO INSURANCE COMPANY, and
   ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, erroneously
8  sued as Allied Insurance Company

9

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 03 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

10        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11             **FOR THE COUNTY OF LOS ANGELES**

12  USA COUTURE CORPORATION          CASE NO.: BC 577887 D54

13          Plaintiff,               **DEFENDANTS' ANSWER TO**
                                     **PLAINTIFF'S COMPLAINT AND**
14  vs.                             **DEMAND FOR JURY TRIAL**

15  NATIONWIDE INSURANCE
    COMPANY, ALLIED INSURANCE
16  COMPANY, AMCO INSURANCE
    COMPANY and Does 1 through 50,
17  Inclusive,

18          Defendants.

19

20        COMES NOW, Defendants NATIONWIDE MUTUAL INSURANCE

21  COMPANY, erroneously sued herein as Nationwide Insurance Company,

22  ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, erroneously

23  sued herein as Allied Insurance Company, and AMCO INSURANCE COMPANY

24  (collectively "Defendants"), answer Plaintiff USA COURTURE

25  CORPORATION's ("Plaintiff") unverified Complaint on file in this action and

26  allege affirmative defenses as follows:

27                        **GENERAL DENIAL**

28        Pursuant to the provisions of Section 431.30(d) of the California <u>Code of</u>

                                    1
                DEFENDANTS' ANSWER TO THE COMPLAINT

1  <u>Civil Procedure</u>, Defendants deny generally and specifically, each, every and all of
2  the allegations of said Complaint, and further deny that Plaintiff has been damaged
3  in the amount claimed or in any other sum whatsoever or at all by reason of any
4  actionable wrongful conduct by or attributable to Defendants.

<b><u>AFFIRMATIVE DEFENSES</u></b>

<b><u>FIRST AFFIRMATIVE DEFENSE</u></b>

<b>[Failure to State a Cause of Action]</b>

8      1.      The Complaint and each cause of action alleged therein fails to state
9  facts sufficient to constitute a cause of action against Defendants.

<b><u>SECOND AFFIRMATIVE DEFENSE</u></b>

<b>[Doctrine of Estoppel]</b>

12     2.      Plaintiff, by statements, conduct, acts, omissions and/or acquiescence
13  attributable to it and/or its agents, is estopped from seeking any recovery or
14  remedy as alleged in the Complaint.

<b><u>THIRD AFFIRMATIVE DEFENSE</u></b>

<b>[Doctrine of Laches]</b>

17     3.      Plaintiff engaged in unreasonable delay by failing to seek the recovery
18  and remedies which are the subject of the Complaint, thereby causing undue
19  prejudice to Defendants so that relief is barred by the equitable doctrine of laches.

<b><u>FOURTH AFFIRMATIVE DEFENSE</u></b>

<b>[Doctrine of Unclean Hands]</b>

22     4.      Plaintiff's claims are barred by the doctrine of unclean hands.

<b><u>FIFTH AFFIRMATIVE DEFENSE</u></b>

<b>[Waiver]</b>

25     5.      Plaintiff waived the claims and causes of action set forth in the
26  Complaint, thereby barring Plaintiff's right to recover from Defendants.
27  ///
28  ///

2

DEFENDANTS' ANSWER TO THE COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### [Failure to Mitigate]

6.    Plaintiff failed and neglected to use reasonable care to minimize and mitigate the losses, injuries and damages complained of in the Complaint, if any such damages exist.

## SEVENTH AFFIRMATIVE DEFENSE

### [Comparative Fault]

7.    The injuries and damages of which Plaintiff complains are the proximate result of the acts, errors, omissions, negligence or other legal fault of persons and entities other than Defendants, including, but not limited to, Plaintiff itself. By virtue of the provisions of Civil Code Section 1431 *et seq.*, Defendants respectfully requests that damages, if any, be allocated and apportioned amongst all causative factors and that Defendants be found legally responsible only for their determined and proportionate share of legal fault, if any, and that Plaintiff's damages be reduced by Plaintiff's proportionate share of legal fault.

## EIGHTH AFFIRMATIVE DEFENSE

### [Performance of Duties]

8.    Prior to the commencement of this action, Defendants duly performed, satisfied and discharged all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by and between them or on their behalf, if any, including those set forth in the Premier Businessowners Policy of insurance issued by Defendant AMCO Insurance Company to Plaintiff, policy number ACP BPA 7811241788 (hereinafter referred to as the "Policy") and this action is, therefore, barred by the provisions of California Civil Code Section 1473.

/ / /

/ / /

/ / /

## NINTH AFFIRMATIVE DEFENSE

### [Conditions Precedent and Subsequent]

9.　　Defendants' performance under the Policy is excused, and Plaintiff's Complaint and each of its causes of action is barred, by virtue of Plaintiff's failure to perform certain conditions precedent and subsequent imposed by the Policy.

## TENTH AFFIRMATIVE DEFENSE

### [Assumption of Risk]

10.　　Plaintiff's claims, and each of them, are barred in whole or in part because the damages, injuries or losses sustained by Plaintiff, if any, resulted from risks which Plaintiff was well aware of and voluntarily assumed.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Unjust Enrichment]

11.　　Plaintiff's claims, and each of them, are barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### [Reasonable and Good Faith Conduct]

12.　　The Complaint, and each cause of action alleged therein, is barred since any coverage investigation by or on behalf of Defendants was prompt, thorough, reasonable and made in good faith and with proper cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Genuine Dispute Doctrine]

13.　　The Complaint, and each cause of action alleged therein, is barred to the extent there was and exists a genuine dispute as to coverage for Plaintiff's claim under the Policy and Defendants' liability for Policy benefits claimed by Plaintiff.

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Lack of Coverage]

14.     The Complaint, and each cause of action alleged therein, is barred to the extent losses and damages claimed by Plaintiff do not qualify for coverage under the terms, provisions, conditions, limitations, restrictions, and/or exclusions of the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Consent]

15.     Plaintiff's claims, and each of them, are barred in whole or in part to the extent Plaintiff or its agents or representatives gave consent, expressly or impliedly, to any and all acts, omissions, representations and course of conduct of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Material Misrepresentations]

16.     Plaintiff's claims are barred in whole or in part, and there is no coverage for Plaintiff's claim, due to material misrepresentations of fact made by Plaintiff concerning the nature of the loss, the condition of the subject business personal property (i.e., the clothing) and the facts of the claim.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Insufficient Facts to Impose Punitive Damages]

17.     Plaintiff's claim for punitive damages alleged in the Complaint is barred in whole or in part because Plaintiff failed to state, and there does not exist, facts sufficient to impose punitive damages against Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [No Right to Punitive Damages]

18.     Plaintiff's claim for punitive damages is barred in whole or in part by the Fourteenth Amendment of the Constitution of the United States of America,

Article I, §§ 7, 10, and 17 of the Constitution of the State of California, and California Civil Code §3294.

### NINTEENTH AFFIRMATIVE DEFENSE

#### [Policy Restrictions, Exclusions, Conditions & Limitations]

19.   Plaintiff's claims, and each of them, are barred in whole or in part pursuant to other restrictions, exclusions, conditions and/or limitations contained in the Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

#### [Failure to Perform Policy Conditions]

20.   Plaintiff's claims are barred or reduced because coverage is precluded or limited by its failure to perform express and implied conditions within the Policy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### [Excused or Prevented Performance]

21.   Plaintiff's claims are barred in whole or in part because performance under the Policy was excused or prevented by the conduct, acts, and omissions of other parties, including but not limited to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### [Justification]

22.   Plaintiff's claims, and each of them, are barred in whole or in part because Defendants' actions alleged in the Complaint were privileged or justified.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### [Complete Performance]

23.   Defendants have appropriately, completely and fully performed, satisfied and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint and as required under the Policy.

/ / /

/ / /

DEFENDANTS' ANSWER TO THE COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [No Duty Owed by Allied or Nationwide to Plaintiff]

24.    Defendants Allied and Nationwide do not owe any duties or have any obligations to Plaintiff in relation to Plaintiff's claim for insurance benefits under the Policy because they did not issue the Policy and did not receive nor adjust the claim for benefits made by Plaintiff. The Policy was issued and the claim adjusted and denied, in part, by Defendant AMCO.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [No Direct Physical Loss of or Damage to Covered Property]

25.    Plaintiffs' claims, and each of them, are barred in whole or in part because there is no coverage for Plaintiff's claims because there was no direct physical loss of or damage to the clothing located in Plaintiff's store as a result of the subject water leak. The Policy provides in relevant part as follows:

"A. COVERAGES. We will pay for direct physical loss of or damage to Covered Property at the described premises in the Declarations caused by or resulting from any Covered Cause of Loss."

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Plaintiff's Breach of Duties Under the Policy]

26.    Plaintiffs' claims, and each of them, are barred or limited in whole or in part because Plaintiff failed to perform and breached its duties under the Policy following the loss, including without limitation, a failure to resume operations as quickly as possible and to protect the insured property from loss or damage.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [Reservation]

27.    Plaintiff has not pled the Complaint with sufficient particularity to allow Defendants to determine all applicable affirmative defenses. Defendants will seek leave of Court, if necessary, to amend this Answer to the Complaint to assert additional defenses when and if the same have been ascertained.

1    Having answered Plaintiff's Complaint, Defendants pray for judgment as

2  follows:

3       1.    That Plaintiff take nothing by way of its Complaint against

4             Defendants;

5       2.    That Defendants may recover costs and expenses as allowed by law;

6       3.    For such other relief as the Court deems just and equitable.

7

8  Dated:  September 2, 2015              HINES HAMPTON LLP

9

10                                  By: _____

11                                       Marc S. Hines
                                        Attorneys for Defendants
12                                       NATIONWIDE MUTUAL
                                        INSURANCE COMPANY, ALLIED
13                                       PROPERTY & CASULATY
                                        INSURANCE COMPANY, AMCO
14                                       INSURANCE COMPANY

15

16

                             **JURY DEMAND**
17
        Defendants demand a trial by jury.
18

19

20  Dated:  September 2, 2015             HINES HAMPTON, LLP

21                                  _____

22                                       Marc S. Hines
                                        Attorneys for Defendants
23                                       NATIONWIDE MUTUAL
                                        INSURANCE COMPANY, ALLIED
24                                       PROPERTY & CASUALTY
                                        INSURANCE COMPANY, AMCO
25                                       INSURANCE COMPANY

26

27

28

DEFENDANTS' ANSWER TO THE COMPLAINT

**PROOF OF SERVICE**

     I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action; my business address is: 3090 Bristol Street, Suite 300, Costa Mesa, CA 92626.

     On **September 2, 2015**, I served the foregoing document(s) described as follows:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

on all interested parties in this action by placing a true copy thereof addressed as follows:

Jeff A. Lesser, Esq.
16133 Ventura Blvd., Suite 1175
Encino, CA 91436

[X]    **BY MAIL:** I deposited such envelope(s) in the mail at Costa Mesa, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid the ordinary course of business.  I am aware that on motion of the party served, services is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY PERSONAL SERVICE (on Plaintiffs' Counsel only):** I caused a true and correct copy thereof enclosed in a sealed envelope to be delivered by hand to the above-named addressee(s).

[ ]    **BY FACSIMILE TRANSMISSION:** I caused the above-referenced document to be transmitted to the person(s) set forth above, at the facsimile number(s) set forth on the attached service list. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine.  Pursuant to rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[ ]    **BY ELECTRONIC MAIL:** I caused the above-referenced document to be transmitted to the e-mail addresses indicated above.

**[X]**    **(State)** I declare under penalty of perjury, pursuant to the laws of the State of California, that the above is true and correct.

     Executed on **September 2, 2015**, at Costa Mesa, California.

                                      _____
                              Petra Ruiz

# EXHIBIT D

MARC S. HINES (SBN 140065)
mhines@hineshamptonllp.com
NICOLE M. HAMPTON (SBN 189024)
HINES HAMPTON, LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 242-9529

Attorneys for Defendants,
NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as
Nationwide Insurance Company, AMCO INSURANCE COMPANY, and
ALLIED PROPERTY &
CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance
Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA COUTURE CORPORATION<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONWIDE INSURANCE COMPANY, ALLIED INSURANCE COMPANY, AMCO INSURANCE COMPANY and Does 1 through 50, Inclusive,<br><br>    Defendants. | CASE NO.:<br><br>[Lower Court Case No.: BC577887 Superior Court for the County of Los Angeles]<br><br>**DECLARATION OF ROBERT HORNER, III IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1441(b)] [DIVERSITY]** |

I, Robert W. Horner, III, certify and declare as follows:

1.      I am Vice President and Secretary for AMCO Insurance Company ("AMCO"). In my position, I am personally familiar with the organization of AMCO. I have personal knowledge of the facts and matters set forth herein.

2.      AMCO is an Iowa insurance company incorporated, organized and existing under the laws of the State of Iowa.

3.      AMCO's corporate headquarters and principal office is located at 1100 Locust Street, Des Moines, Iowa. AMCO has directors located in Ohio and

1   one director located in Iowa. AMCO's officers direct, control and coordinate the
2   corporation's activities from Ohio and Iowa.

3       4.      All of the facts stated hereinabove were true on April 6, 2015, when
4   this action was filed, at the present time, and on all days in between.

5       I declare under penalty of perjury under the laws of the United States of
6   America and the State of California that the foregoing is true and correct.

7       Executed this 3rd day of September, 2015 at Columbus, Ohio.

8

9

10                  Robert W. Horner, III
                    Vice President and Secretary

# EXHIBIT E

1  MARC S. HINES (SBN 140065)
   mhines@hineshamptonllp.com
2  NICOLE M. HAMPTON (SBN 189024)
   HINES HAMPTON, LLP
3  3090 Bristol Street, Suite 300
   Costa Mesa, California 92626
4  Tel.: (714) 513-1122
   Fax: (714) 242-9529
5
   Attorneys for Defendants,
6  NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as
   Nationwide Insurance Company, AMCO INSURANCE COMPANY, and
7  ALLIED PROPERTY &
   CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance
8  Company
9
10              UNITED STATES DISTRICT COURT
11             CENTRAL DISTRICT OF CALIFORNIA
12
   USA COUTURE CORPORATION          CASE NO.:
13
             Plaintiff,             [Lower Court Case No.: BC577887
14                                  Superior Court for the County of Los
   vs.                              Angeles]
15
   NATIONWIDE INSURANCE
16 COMPANY, ALLIED INSURANCE        **DECLARATION OF ROBERT W.**
   COMPANY, AMCO INSURANCE          **HORNER, III IN SUPPORT OF**
17 COMPANY and Does 1 through 50,   **DEFENDANTS' NOTICE OF**
   Inclusive,                       **REMOVAL**
18
             Defendants.
19                                  **[28 U.S.C. § 1441(b)]**
                                    **[DIVERSITY]**
20
21      I, Robert W. Horner, III, certify and declare as follows:

22      1.      I am Vice President and Secretary for Allied Property & Casualty

23 Insurance Company, sued herein as Allied Insurance Company ("Allied").  In my

24 position, I am personally familiar with the organization of Allied.  I have personal

25 knowledge of the facts and matters set forth herein.

26      2.      Allied is an Iowa insurance company incorporated, organized and

27 existing under the laws of the State of Iowa.

28

                                   1
         DECL. OF PARAG SHAH IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

3.     Allied's corporate headquarters and principal office is located at 1100 Locust Street, Des Moines, Iowa.  Allied has directors located in Ohio and one director located in Iowa.  Allied's officers direct, control and coordinate the corporation's activities from Ohio and Iowa.

4.     All of the facts stated hereinabove were true on April 6, 2015, when this action was filed, at the present time, and on all days in between.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 3rd day of September, 2015 at Columbus, Ohio.

Robert W. Horner, III
Vice President and Secretary

# EXHIBIT F

MARC S. HINES (SBN 140065)
mhines@hineshamptonllp.com
NICOLE M. HAMPTON (SBN 189024)
HINES HAMPTON, LLP
3090 Bristol Street, Suite 300
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 242-9529

Attorneys for Defendants,
NATIONWIDE MUTUAL INSURANCE COMPANY, erroneously sued as
Nationwide Insurance Company, AMCO INSURANCE COMPANY, and
ALLIED PROPERTY &
CASUALTY INSURANCE COMPANY, erroneously sued as Allied Insurance
Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA COUTURE CORPORATION<br><br>                 Plaintiff,<br><br>vs.<br><br>NATIONWIDE INSURANCE COMPANY, ALLIED INSURANCE COMPANY, AMCO INSURANCE COMPANY and Does 1 through 50, Inclusive,<br><br>                 Defendants. | CASE NO.:<br><br>[Lower Court Case No.: BC577887 Superior Court for the County of Los Angeles]<br><br>**DECLARATION OF KATHY R. RICHARDS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1441(b)] [DIVERSITY]** |

I, KATHY R. RICHARDS, certify and declare as follows:

1.      I am the Associate Vice President and Assistant Secretary for Nationwide Mutual Insurance Company, sued herein as Nationwide Insurance Company ("Nationwide"). In my position, I am personally familiar with the organization of Nationwide. I have personal knowledge of the facts and matters set forth herein.

2.      Nationwide is a mutual insurance company incorporated, organized and existing under the laws of the State of Ohio.

1

DECL. OF KATHY R. RICHARDS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

3.     Nationwide's corporate headquarters and principal office is located at One Nationwide Plaza in Columbus, Ohio.  That location is the actual center of direction, control, and coordination of Nationwide.

4.     All of the facts stated hereinabove were true on April 6, 2015, when this action was filed, at the present time, and on all days in between.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 3rd day of September, 2015 at Columbus, Ohio.

_____
Kathy R. Richards
Associate Vice President and Assistant Secretary

DECL. OF KATHY R. RICHARDS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL